UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT ANDREW REED**, <br><br> Petitioner, <br><br> v. <br><br> **CHRIS WHITMER**, *et al.*, <br><br> Respondents. | Case No. 1:22-cv-1653 (TNM) |

**MEMORANDUM OPINION**

    A prisoner has convinced himself that the U.S. Parole Commission has no authority over him. That view has served him poorly. Twice he has been released from prison. And twice he was sent back for failing to follow the terms of his supervised release. Now, he files another habeas petition. Like his past ones, his main claim here is that the Parole Commission had no authority to arrest him or return him to prison. But as before, that claim is meritless. Plus, this petition is successive. He already raised (and lost) on these issues in past petitions. So this one is procedurally barred. For both reasons, the Court will deny Reed's petition.

**I.**

    Robert Andrew Reed was sentenced by the Superior Court of the District of Columbia to 80 months in prison and five years of supervised release for making threats and obstructing justice. Am. Mot. to Dismiss, Ex. 1, ECF No. 15-1. Years later, Reed was released from prison. But after he failed to report for supervision, the Parole Commission issued a warrant for his arrest and sent him back. *See Reed v. Cushwa* (*Cushwa I*), No. 20-cv-3524, 2021 WL 2894736,

at *1 (D.D.C. June 29, 2021).[1]  Displeased, Reed filed a "meritless" habeas petition, which a judge roundly denied.  *See id.*

After that stint, Reed was again released.  But like before, he never reported for supervision.  So the Parole Commission issued another warrant for his arrest.  *See Reed v. Cushwa* (*Cushwa II*), No. 21-cv-2531, 2022 WL 2643544, at *1 (D.D.C. July 8, 2022).  Reed then filed another habeas petition, which another judge "easily dismissed."  *See id.*

While that failed habeas petition was pending, the Parole Commission held a revocation hearing.  The hearing officer gave Reed a chance to participate, which Reed refused, and then recommended that Reed be returned to prison.  Am. MTD, Ex. 17 at 2–3, ECF No. 15-17.

Still convinced that the Parole Commission lacked authority over him, Reed filed this habeas petition.  He challenges his last revocation hearing, repeating many of the same arguments that failed before.  Distilled down, Reed's main claim here is that the Parole Commission lacked authority to revoke his supervised release.  Habeas Pet. at 3, ECF No. 1.  Relatedly, he says that the Parole Commission violated his due process rights, the APA, and his rights under the Grand Jury Clause.  *Id.* at 3–5.

As before, Reed's claims are meritless.  More, his petition is successive and thus procedurally barred.  28 U.S.C. § 2244(a).  So the Court will deny it.

## II.

Reed titles his motion "In Re: Affidavit Motion to Vacate Correct/ or Set-Aside Sentence Pursuant to Fed. Civ. R. P. §2255/§2241."  And the Government assumes that Reed's filing is a

---

[1] The Parole Commission oversees "supervised release imposed by the Superior Court of the District of Columbia." *Smallwood v. USPC*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011) (citing D.C. Code §§ 24–133(c)(2), 24–403.01(b)(6)).

habeas petition under 28 U.S.C. § 2241. But both parties are wrong. Reed's motion is best read as a habeas petition under 28 U.S.C. § 2254.

Reed was sentenced by the Superior Court. Am. MTD, Ex. 1. So, for habeas purposes, he is treated like a state prisoner and thus cannot rely on § 2255, which is reserved federal prisoners. *See* 28 U.S.C. § 2255; *Gorbey v. United States*, 55 F. Supp. 3d 98, 102 (D.D.C. 2014) ("D.C. local courts are treated as 'state' courts for purposes of federal habeas-corpus jurisdiction."). Nor is this a § 2241 petition as the Government suggests. Courts in this district (and others) construe § 2241 petitions from state-court prisoners as § 2254 petitions. *See, e.g.*, *Peoples v. Schultz*, 806 F. Supp. 2d 174, 178–79 (D.D.C. 2011) ("The Court thus finds that the petition before it is properly one for § 2254 review and treats it as such."); *In re Wright*, 826 F.3d 774, 778 (4th Cir. 2016) (describing this as the majority rule); *González–Fuentes v. Molina*, 607 F.3d 864, 875–76 n.9 (1st Cir. 2010) (same). The Court will do likewise here.

### III.

The Government offers two reasons why Reed's petition is dead on arrival. First, it says that he filed in the wrong district and that this Court thus lacks jurisdiction. Second, it claims that his petition just rehashes old, rejected claims, and is thus successive. The Court disagrees with the first point; it has jurisdiction. But it agrees with the second; Reed's petition is successive. So the Court will deny it.

First, jurisdiction. The Government argues that the Court lacks jurisdiction over Reed's claim based on *Rumsfeld v. Padilla,* 542 U.S. 426 (2004). There, the Supreme Court held that "the *general* rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443 (emphasis added). But as *Padilla* notes, there are "explicit exceptions to th[is] rule in certain circumstances." *Id.*

3

One of those exceptions applies here: Prisoners "serving a state criminal sentence in a State that contains more than one federal district" may also file petitions in the district court where they were sentenced. *Id.* (citing 28 U.S.C. § 2241(d)). Reed is detained in Pennsylvania, which has more than one federal district. And Reed was sentenced here in the District of Columbia. So that exception applies, and the Court may hear his claim. *See, e.g.*, *Ramirez v. United States*, No. 13-cv-901, 2013 WL 4494662, at *1 (D.D.C. June 14, 2013) (applying § 2241(d) to § 2254 claim); *Williams v. United States*, No. 12-cv-1480, 2012 WL 4076183, at *1 (D.D.C. Sept. 7, 2012) (same).

Next, successive petitions. Reed has already filed two habeas petitions challenging the Parole Commission's authority, both of which were denied by other judges in this district. Those "previous rulings," the Government says, bar the Court from hearing this case because of the habeas rule against successive habeas petitions. Am. MTD at 11 (citing 28 U.S.C. § 2244(a)). That rule limits prisoners' ability to challenge their detention "if it appears that the legality of such detention" has already been decided by a judge. 28 U.S.C. § 2244(a). Reed's petition is successive if "the same claims [were] raised and adjudicated on the merits in [his] prior habeas proceedings." *Sweeney v. USPC*, 197 F. Supp. 3d 78, 81 (D.D.C. 2016) (cleaned up).

The Court finds that this petition is successive. Since his initial release, Reed has twice challenged the Parole Commission's authority to issue warrants or revoke him. In his first petition, "Reed's most sustained contention [was] that certain exercises of authority by . . . the Parole Commission were invalid because he never signed a contract granting . . . [it] power over him." *Cushwa I*, 2021 WL 2894736, at *2. In his second, Reed attacked a Parole Commission warrant "because it was issued by the [Parole Commission] and not a judicial officer" and because "the [Parole Commission] lacks authority to 'hold a trial like judicial procedure' in

4

violation of the" APA. *Cushwa II*, 2022 WL 2643544, at *1 (quoting Reed's Petition). Both petitions were denied on the merits. *See Cushwa I*, 2021 WL 2894736, at *1; *Cushwa II*, 2022 WL 2643544, at *1.

True, both petitions challenged different specific actions by the Parole Commission. The first was partially aimed at a 2018 warrant. *See Cushwa I*, 2021 WL 2894736, at *2. The second was partially aimed at a 2020 warrant. *See Cushwa II*, 2022 WL 2643544, at *1. And this petition partially challenges a 2022 revocation hearing. But still, the main thrust of this petition was considered and resolved in Reed's last two petitions: the Parole Commission may issue warrants and revoke supervised release. *See Cushwa I*, 2021 WL 2894736, at *2 (noting that the Parole Commission can revoke supervised release and that this does not violate the separation of powers); *Cushwa II*, 2022 WL 2643544, at *1 (same). So "the same claims [were] raised and adjudicated on the merits in [his] prior habeas proceedings." *Sweeney*, 197 F. Supp. 3d at 81 (cleaned up). And because of that, "the legality of [his] detention has been determined by a judge," and his petition is successive. 28 U.S.C. § 2244(a).

Still, there is one last wrinkle. Reed filed this petition while his second petition was pending. In such cases, some courts would likely read this petition as a motion to amend the second petition and thus not successive. *See, e.g.*, *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (When a second § 2254 petition is filed while a first petition is still pending, the second petition should be treated as a motion to amend.). But even if that is right, this petition would still be successive of Reed's first.

And whether or not "the petition should be dismissed as successive . . . it is clearly meritless." *Taylor v. USPC*, 860 F. Supp. 2d 13, 15 (D.D.C. 2012). Under § 2254, the Court may grant Reed's petition only if "he is in custody in violation of the Constitution or laws or

5

treaties of the United States." 28 U.S.C. § 2254(a).  The Court agrees with the Government that the Parole Commission violated no federal law and will thus deny Reed's petition.  Am. MTD at 8–9, 12–13.

### IV.

On to the merits.  Like one of Reed's past petitions, this one is "best described as a grab-bag of creative but plainly meritless legal arguments."  *Cushwa I*, 2021 WL 2894736, at *2.  Reed claims that his Parole Commission hearing violated the separation of powers, the Grand Jury Clause, his due process rights, and the APA.  But none of these claims support his release.

*Separation of powers*.  Reed first charges that the revocation hearing violated the separation of powers.  Not so.  The Parole Commission may lawfully return supervised-release violators to prison.  As another judge in this district explained:

> If a person serving a term of supervised release "is alleged to have violated the conditions of his release," 28 C.F.R. § 2.211(a), the USPC may "[i]ssue a warrant for the apprehension and return of the releasee to custody," 28 C.F.R. § 2.211(a)(2).  If the USPC "finds by a preponderance of the evidence that the releasee has violated one or more conditions of supervised release, the [USPC] may ... [r]evoke the term of supervised release," 28 C.F.R. § 2.218(a), and also may "impose[ ] a new term of imprisonment that is less than the applicable maximum term of imprisonment authorized by law," 28 C.F.R. § 2.218(b).

*Smallwood v. USPC*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011) (alterations in original).  Such proceedings are administrative, rather than "part of a criminal prosecution."  *Id.*  Because of that, the Parole Commission "exercises no judicial function, and its decisions do not violate the separation of powers doctrine."  *Id.* (collecting cases); *see also Cushwa I*, 2021 WL 2894736, at *2 (finding same on Reed's similar habeas petition).

*Grand Jury Clause*.  For these same reasons, Reed's revocation hearing did not violate the Fifth Amendment's Grand Jury Clause.  Pet. at 5.  Reed had already been convicted.  And thus, he need not have been charged with a new crime before he could be returned to prison.  *See*

6

*Morrison v. USPC*, 68 F. Supp. 3d 92, 95 (D.D.C. 2014) (The Parole Commission "is not required to wait for a new conviction to revoke a term of supervised release.").

*Due Process*.  Reed's due process claim fails as well.  Reed says that the Parole Commission violated his due process rights because it "never provided [him] with the assessment of the charges" against him.  Pet. at 4.  This, he explains, must be "executed by the responsible party under the affidavit sworn true correct certain and complete with the stated commercial liability risked . . . and swearing to the accuracy relevance contractual validity and verifiability of all allegations make and the exactitude of the sum certain amount of the assessment." *Id.*  The Court knows of no such requirement.

Besides, Reed had a probable cause hearing in which he refused to cooperate and then a revocation hearing where he did the same.  Am. MTD, Ex. 17 at 1–4.  And his petition shows that, at a minimum, he knows how he violated his supervised release. *See* Pet. at 3 (claiming that the Parole Commission lacked jurisdiction to arrest and return him to prison "for failure to report for supervision").

*APA*.  Reed also insists that the Parole Commission violated the APA.  But he says little about how it did so.  His main claim seems to be that the Parole Commission is "not a real court."  Pet. at 5.  But there is nothing wrong with that.  *See Smallwood*, 777 F. Supp. 2d at 150 (noting supervised-release proceedings are "administrative matters" that "do not violate the separation of powers.").  And it certainly does not make the revocation hearing "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Pet. at 5 (quoting 5 U.S.C. § 706(2)(A)).

Nor does the Court see any other reason why the Parole Commission may have violated the APA.  It held a revocation hearing.  Am. MTD, Ex. 17 at 2.  And Reed chose, as he had in

the past, not to participate. *Id.* Instead, he repeated his past claims that the Parole Commission lacked authority over him, claims that this Court now rejects for a third time. *Id.*; *see Cushwa I*, 2021 WL 2894736, at *1; *Cushwa II*, 2022 WL 2643544, at *1. So the Parole Commission did not violate the APA.

## V.

Reed's petition is successive, so the Court will deny it. 28 U.S.C. § 2244(a). But even if it is not successive, it is meritless. And thus the Court denies it on those grounds as well. Reed has not shown that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A separate Order will issue today.

_____
Dated: April 17, 2023                                    TREVOR N. McFADDEN, U.S.D.J.